IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clifton Jerome Epps,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>R. Sullivan, et al.,<br><br>　　　　　　Respondents. | No. CV-14-0563-PHX-DGC (DKD)<br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, U.S. DISTRICT JUDGE:

　　　　Clifton Jerome Epps filed a Petition for Writ of Habeas Corpus challenging his convictions and sentences for transportation and possession of marijuana and drug paraphernalia. His Petition alleges that his proceedings were impermissibly delayed before and after his indictment, his indictment was improperly amended, his jury panel was not drawn from a fair cross-section of the community, and the trial court should have granted his motion for acquittal for insufficient evidence. As explained below, the Court recommends that Epps' Petition be denied and dismissed with prejudice.

**BACKGROUND**

　　　　In May 2009, police responded to the scene of a traffic accident after Epps' commercial long-haul truck had tipped over onto its side. (Doc. 11, Ex. A, ¶ 2) The officers "smelled an overwhelming odor of fresh marijuana emanating from the truck's cab. A short time later, two boxes and three duffle bags containing a total of eighty-three pounds of marijuana were discovered nearby the truck. In addition to the boxes and

duffle bags, officers discovered a personal toiletry bag belonging to Epps that contained a personal-use amount of marijuana." (*Id*.)

In April 2011, Epps was indicted in Gila County Superior Court for one count each of transportation of marijuana for sale, possession of marijuana, and possession of the baggie containing the personal-use amount of marijuana. (Doc. 11, Ex. A, ¶ 3)  In August 2012, at the conclusion of a four day trial, a jury found Epps guilty of all three counts. (*Id*.) The Superior Court sentenced Epps to presumptive, concurrent prison terms, the longest of which was five years. (*Id*.)

Epps' motion to proceed pro per was granted and he timely appealed. (Doc. 11, Exs. G, H, I, L)  In his appeal, Epps argued that his proceedings were impermissibly delayed before and after his indictment, his indictment was improperly amended, African Americans were improperly excluded from his jury pool, and his Rule 20 motion for acquittal was supported by substantial evidence. (Doc. 11, Ex. L at viii-ix)  On February 19, 2014, at the conclusion of briefing, the Arizona Court of Appeals affirmed Epps' convictions and sentences. (Doc. 11, Ex. A)  Epps did not move for reconsideration and he did not petition the Arizona Supreme Court for review. (Doc. 11, Ex. O)

On March 19, 2014, Epps filed his Petition for Writ of Habeas Corpus in this Court. (Doc. 1)  His Petition argues that his proceedings were impermissibly delayed before and after his indictment, his indictment was improperly amended, African Americans were improperly excluded from his jury pool, and his Rule 20 motion for acquittal was supported by substantial evidence. (*Id*.)  Respondents argue that his Petition includes some unexhausted arguments and that he is not entitled to relief under his exhausted arguments. (Doc. 11)  Epps replied that his arguments were, in fact, all exhausted and that he is entitled to relief on the merits. (Doc. 12)

**Legal Standard of Review**

On habeas review of a timely petition with exhausted arguments, this Court can only grant relief if the petitioner has demonstrated prejudice from the adjudication of a claim that either "(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d). *Lambert v. Blodgett*, 393 F.3d 943, 970, n.16 (9th Cir. 2004); *Bains v. Cambra*, 204 F.3d 964, 977 (9th Cir. 2000). This review is further limited because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Accordingly, "alleged errors in the application of state law are not cognizable in federal habeas corpus." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

### Epps' Habeas Claims

<u>Pre-Indictment Delay</u>. Epps argues that his due process rights were violated by the two year gap between the accident and his indictment. (Doc. 1 at 7) As Respondents acknowledge, he raised this same argument to the Arizona Court of Appeals. (Doc. 1, Ex. A, ¶¶ 5-9; Doc. 11 at 12-14)

In reviewing his pre-indictment argument, the Court of Appeals relied on the precedent set by *State v. Lacy*, 929 P.2d 1288, 1293-94 (Ariz. 1996). (*Id.*) In *Lacy*, the Arizona Supreme Court analyzed a similar argument about excessive pre-indictment delay, relied on federal and state case law that analyzed pre-indictment delay under the due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution, and concluded that a successful due process claim "must show that the prosecution intentionally slowed proceedings to gain a tactical advantage or to harass the defendant, and that actual prejudice resulted." *Lacy*, 929 P.2d at 1294 (citing *United States v. Lovasco*, 431 U.S. 783, 789 (1977) and *State v. Broughton*, 752 P.2d 483, 486 (1988)). Thus, for purposes of Section 2254(d), the Arizona Court of Appeals reviewed the merits of Epps' federal claim. As a result, this Court can reach the merits of Epps' pre-indictment argument to see if the decision of the Arizona Court of Appeals "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

Clearly established federal law, as determined by the United States Supreme Court and as applied by the Arizona Supreme Court has created a two-pronged test that required Epps to show both tactical delay and actual prejudice. *Lovasco*, 431 U.S. at 790, 795-96; *Lacy*, 929 P.2d at 1294. The Court of Appeals evaluated Epps' arguments under both prongs. (Doc. 11, Ex. A, ¶¶ 6-8) The Court of Appeals first found that Epps had failed to prove any tactical delay when he repeatedly acknowledged that there was "no reason" and "no explanation" for the delay. (*Id*. at ¶ 6) Next, the Court of Appeals found that Epps had not demonstrated actual prejudice. Although he alleged that witness' memories had faded, he never specified which witnesses and never explained how their memory loss would be prejudicial. He also claims that fingerprint evidence had not been preserved but he never explained how this was impacted by pre-indictment delay. Finally, he alleged that the police had misplaced driving log books after the accident but he never demonstrated how he was prejudiced by their absence. (*Id*. at ¶¶ 7, 8) The Court of Appeals concluded that Epps had failed to meet his burden under either prong of the applicable test and, thus, he did not meet his burden of showing a violation of his due process rights. (*Id*.) This Court cannot say that the Court of Appeals' conclusion was contrary to, or involved an unreasonable application of, clearly established Federal law. Accordingly, Epps is not entitled to habeas relief on this claim.

Post-Indictment Relief. Epps argues that the 16 month gap between his indictment and trial violated his Sixth Amendment right to a speedy trial. (Doc. 1 at 7) As Respondents acknowledge, he raised this argument to the Arizona Court of Appeals which relied on clearly established federal law to deny his claim. (Doc. 1, Ex. A, ¶¶ 10-12)

The United States Supreme Court has established a four part test for analyzing a speedy trial claim: (1) the length of the delay, (2) the reason for the delay, (3) defendant's assertion of the speedy trial right, and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530-531 (1972). This inquiry is triggered when, as here, the delay is over one year. *Doggett v. U.S.*, 505 U.S. 647, 652, n.1 (1992).

The Court of Appeals applied this four part test, reviewed the record and determined that most of the delays in this case could be attributed to "Epps' actions and requests, including the substitution of counsel about one month prior to the original trial date." (Doc. 11, Ex. A, ¶ 12)  The Court of Appeals further found that Epps did not assert his speedy trial rights and that he was not prejudiced by any delay. (*Id*.)  Because Epps did not meet the Supreme Court's four part test, the Court of Appeals found no violation of his Sixth Amendment right to a speedy trial. (*Id*.)  Because this Court cannot say that that conclusion was contrary to, or involved an unreasonable application of, clearly established Federal law, Epps is not entitled to habeas relief on his claim of post-indictment delay.

Amended Indictment.  At the start of his trial, without returning to the Grand Jury, the State amended the possession of marijuana charge in his indictment to remove the accomplice element. (Doc. 11, Ex. A, ¶ 14)  Epps argues, as he did on direct appeal, that his due process rights were violated when the amended indictment was not presented to a Grand Jury. (Doc. 1 at 9-10)  The Court of Appeals reviewed his claim, raised for the first time on appeal, under state law for fundamental, prejudicial error and found none. (Doc. 11, Ex. A, ¶ 15)  This Court cannot review this claim because "alleged errors in the application of state law are not cognizable in federal habeas corpus." *Langford*, 110 F.3d at 1389.  Moreover, "[s]ubmitting a new claim to the [Arizona Court of Appeals] in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation" and so this claim is procedurally barred from consideration. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

Fair Cross-Section Claim.  Epps argues that African Americans were improperly excluded from the venire panel because Gila County uses a system that is not based on random selection. (Doc. 1 at 11)  Epps raised this issue at trial and on direct appeal. (Doc. 11, Ex. A, ¶ 21; Ex. B at 150)

To establish a *prima facie* Sixth Amendment claim that the jury pool was not a fair cross-section of the community, the United States Supreme Court required Epps to "show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Duren v. Missouri*, 439 U.S. 357, 364 (1979).  The Arizona Court of Appeals analyzed his claim under this test and concluded that "Epps offered no evidence on any of these factors."[1]  (Doc. 11, Ex. A, ¶ 21)  Again, this Court cannot say that that conclusion was contrary to, or involved an unreasonable application of, clearly established Federal law, and so Epps is not entitled to habeas relief on his jury selection claim.

Rule 20 Motion.  Epps argues, as he did on appeal, that the Superior Court should have granted his motion for acquittal under Arizona Rule of Criminal Procedure 20 because the State did not provide sufficient evidence for his conviction thereby violating his Fifth Amendment due process rights.[2]  In other words, it appears that there are two parts to this argument:  (1) the Superior Court should have granted his Rule 20 motion and (2) because his conviction is not supported by sufficient evidence, his due process rights have been violated.

The Court of Appeals analyzed the first part of his claim – whether the Superior Court should have granted his Rule 20 motion – by looking to state law and found that substantial evidence supported Epps' convictions.  (Doc. 11, Ex. A, ¶¶ 22-25)  Any "alleged errors in the application of state law are not cognizable in federal habeas

---

[1] The trial court addressed the second *Duren* factor and opined that the venire pool appeared to represent the local community.  (Doc. 11, Ex. B at 150-151)

[2] In his habeas petition, as in his brief to the Arizona Court of Appeals, Epps argues this the failure to grant the Rule 20 motion amounts to a Fifth Amendment violation.  (Doc. 1 at 13-14; Doc. 11, Ex. L at ix)  Respondents argue that this Fifth Amendment claim is a new, untimely argument and do not address the merits of Epps' Rule 20 argument.  (Doc. 11 at 4, 7)  Because this is a question of state law, additional briefing by Respondents is not necessary.

corpus." *Langford*, 110 F.3d at 1389. Accordingly, this Court will not review this portion of Epps' claim.

The Court of Appeals did not address the second, federal aspect of Epps' insufficient evidence claim. (Doc. 11, Ex. A, ¶¶ 22-25) In these circumstances, this Court "must presume that the federal claim was adjudicated on the merits." *Johnson v. Williams*, 133 S.Ct. 1088, 1096 (2013). Although this presumption can be rebutted, Epps has not done so. *Id.* This means that this Court will review this claim to determine if the implied denial of Epps' due process argument violated either part of Section 2254(d). *Id.* at 1097-98.

Deferring to the facts as described by the Court of Appeals, this Court cannot say that Epps' convictions were not supported by substantial evidence. *Sumner v. Mata*, 449 U.S. 539, 546–47 (1981); *Runningeagle v. Ryan*, 686 F.3d 758, 763, n.1 (9th Cir. 2012).

> The evidence established that, as they were investigating the accident scene, multiple officers noticed a strong odor of fresh marijuana emanating from the cab of the semi-trailer. A passenger in a vehicle immediately behind the semi-trailer who had witnessed the accident testified that she saw Dominique removing items from the cab and officers eventually located three duffle bags and two boxes containing marijuana, weighing approximately eighty-three pounds altogether. In addition, a toiletry bag was found containing a medical card and a lab report for Clifton Epps. Inside this toiletry bag was a 'personal use bag' of marijuana. Furthermore, one of the EMTs who provided Epps with medical care smelled an odor of marijuana smoke emanating from Epps's person.

(Doc. 11, Ex. A, ¶ 24) As the Court of Appeals noted, this evidence is substantial:

> Based on the evidence presented, reasonable persons could conclude that the baggie of personal use marijuana found in the toiletry bag belonged to Epps. In addition, the jury could reasonably conclude Epps and Dominique were transporting the large amount marijuana discovered on the other side of a barrier immediately adjacent to their truck, given that Dominique was seen removing items from the cab and that the cab had a very strong odor of marijuana. Accordingly, substantial evidence was presented at trial to sustain Epps's convictions.

(*Id*. at ¶ 25)  Because substantial evidence supported Epps' convictions, his due process rights have not been violated and so he is not entitled to habeas relief.

**IT IS THEREFORE RECOMMENDED** that Clifton Jerome Epps' petition for writ of habeas corpus be **denied and dismissed with prejudice.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 12th day of June, 2015.

_____
David K. Duncan
United States Magistrate Judge